## Elizabeth Allen, Appellee, v. Ralph McCalman et al., Appellants.

1. HIGHWAYS AND STREETS—*city not required to keep street in safe repair during improvements.* In an action against a city and its paving contractors for personal injuries suffered by a pedestrian in stumbling over a subcurb which projected above the surface of an uncompleted pavement and falling into an open trench, in which negligence is predicated on want of guards and barriers and failure to provide warning lights, it is error to give an instruction which in legal effect makes it the duty of the city to keep its streets in reasonably safe repair and condition for travel at all times and that if it did not keep the street in question in such condition it was guilty of negligence, where the subcurb and trench were left in their condition pending the completion of paving improvements then under way, the making of which would have been impractical had the city been bound to keep the street in a condition of safe repair and condition for travel.

2. HIGHWAYS AND STREETS—*care required of city as to users of streets undergoing improvement.* A city is required to use reasonable care and diligence to warn persons who use a street which is undergoing paving improvements, consisting of resurfacing and the construction of subcurbs to retain the new surface along street car tracks, of the dangers involved in use of such street and to guard them as far as possible against dangers resulting from the work of improvement but it is not held to the duty of keeping such street in a reasonably safe repair and condition for travel during the making of such improvements.

Appeal by defendants from the Circuit Court of Vermilion county; the Hon. JOHN H. MARSHALL, Judge, presiding. Heard in this court at the October term, 1922. Reversed and remanded. Opinion filed April 23, 1923.

GUNN & PLATT, for appellants.

JAMES DWYER, for appellee.

MR. PRESIDING JUSTICE NIEHAUS delivered the opinion of the court.

The City of Danville by virtue of an ordinance, duly passed and in force, provided for the resurfacing of

Vermilion street, which runs through the business section of the city, and on the 30th day of June, 1921, the city entered into a contract with the appellant J. W. Bushell to carry into effect the improvement mentioned. The contract provided for a three-inch coating of asphalt to be placed on the top of the old brick pavement; and the specifications for the resurfacing also provided that a subcurb, twenty-four inches in depth, composed of concrete, with a two and five-eighth-inch iron flange imbedded in the top surface of the subcurb, be constructed along on either side of the street railway tracks, the tracks being situated in the center of the street. The purpose of the concrete subcurb and iron flange was to hold in place the asphalt used in the resurfacing. The appellant Bushell, with the consent of the City of Danville, sublet that part of his contract which provided for the construction of the subcurb along the street car tracks to the appellants Ralph McCalman and James Hunter, who are doing business as the R. McCalman Construction Company, and the McCalman Construction Company carried out that part of the contract referred to and constructed the concrete subcurbs with iron flanges on both sides of the street car track, and in doing so, it was necessary to dig a trench of about the width of a spade and twenty-four inches in depth, and this was done. About the 13th day of September, 1921, the concrete subcurbs on North Vermilion street, in the block between North street and Harrison street, were practically completed, but the trenches, which had been dug in connection with the concrete subcurbs, had not yet been refilled, and the subcurbs topped by the flanges stood up about three inches above the surface of the old brick pavement. In the evening of the day mentioned, about nine thirty o'clock, Elizabeth Allen, the appellee, was walking along North Vermilion street on her way to a drug store, which was located on that street, and when she got to a point about in the middle of the

block, where an alley intersects the street, she started to cross to the other side of the street, and in crossing over, stumbled over the subcurb and was thrown upon the street car tracks, and afterwards also stepped into the trench referred to, which had not been refilled. The appellee suffered injuries by her fall and commenced this suit in the circuit court of Vermilion county against the City of Danville and the appellants to recover damages which, she alleges, resulted to her from the injuries. There was a trial by jury and a verdict and judgment against the appellants, fixing her damages at $600. This appeal is prosecuted from the judgment.

It is alleged in the declaration as a ground for recovery that the city and the appellants were negligent in not providing guards or barriers at the place of the accident, and in not providing any lights which would warn pedestrians in crossing the street in the dark of the danger of coming in contact with the subcurbs referred to, and stepping into the open trenches. It is urged as a ground for reversal of the judgment that some of the instructions given for the appellee are erroneous. The ninth instruction, which was modified by the court, is as follows:

"You are instructed that under the law it is the duty of the city to use reasonable care and diligence to keep the streets in reasonably safe repair and condition for travel, and in this case you are instructed that if you believe from a preponderance of the evidence that the defendants made or caused to be made in said North Vermilion street at the place where the accident occurred, a deep excavation in said street and placed an obstruction in said street as charged in the declaration in this cause or some count thereof, and that said defendants did not use reasonable care and diligence to keep the said street at the place aforesaid in reasonably safe repair and condition for travel, and did not use reasonable and ordinary care and diligence to warn persons passing over said street of such excavation and obstruction, and that the plaintiff, with all

due care and caution for her own safety before and at the time of the accident, was walking across the said street, and was tripped by said obstruction and fell in said excavation as charged in the declaration or some count thereof, and sustained injuries, then your verdict should be for the plaintiff.''

In this instruction the court told the jury that it was the duty of the City of Danville to use reasonable care and diligence to keep its streets in reasonably safe repair and condition for travel at all times, and that if it did not use reasonable care to keep the street in question at the place where the accident occurred in a reasonably safe repair and condition for travel at all times, it was guilty of negligence. This instruction was misleading; the jury would naturally infer that it was the duty of the city and the appellants, under the circumstances presented in this case, to keep the street in question which they were improving, in reasonably safe repair and condition for travel at the time it was being repaired or imposed. It is obvious that if a city were charged with the duty of keeping a street which it is improving in safe repair, and in a condition for travel at the same time that it is being improved, in many instances it could not carry out the improvements; and in this instance it is evident that it would not have been practical to have made the improvements contemplated (which were proper, and within the power of the city to make) and at the same time have kept the street at all times in safe repair and condition for travel. All that a city is legally expected to do, under the circumstances here presented, is to use reasonable care and diligence to warn persons who would use the street, either as pedestrians or in vehicles, of any dangers there might be in such use, and guard persons as far as may be reasonably practical against the dangers that result from the work of improvement while it is being carried on. The same element of error appears in the sixth modified instruction. The ninth instruction referred to directed a ver-

THIRD DISTRICT—APRIL, 1923.     225

dict, and the giving of this instruction was reversible error. The judgment is therefore reversed and the cause remanded.

*Reversed and remanded.*